IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Amy B. Gaiters, *et al.*, | : | |
| Plaintiffs | : | Civil Action 2:11-cv-00998 |
| v. | : | Judge Watson |
| City of Zanesville, Ohio, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

# ORDER

This matter is before the Magistrate Judge on defendants City of Zanesville, Zanesville Police Department, Tony Courty and Tom Porter's August 15, 2012 motion in limine (doc. 24) and motion to compel (doc. 25).

Defendants' Motions. In their motion in limine, defendants maintain that plaintiffs failed to provide their Rule 26(a)(1) disclosures on or before March 29, 2012 as required by the Preliminary Pretrial Order. Plaintiffs' Rule 26(a)(2) disclosures were due on or before August 1, 2012. Defendants maintain that as of August 15, 2012, plaintiffs had failed to make provide either disclosures. Defendants contend that they have made repeated attempts to obtain discovery and that plaintiffs should be prohibited from introducing any fact or lay witness testimony that has not been disclosed. Because plaintiffs failed to make their expert disclosures, plaintiff should not be permitted to introduce any expert testimony.

In their motion to compel, defendants seek an order requiring plaintiffs to answer interrogatories and produce documents requested on January 13, 2012. Defendants maintain that plaintiff has failed to answer or object to these discovery requests. Counsel for plaintiffs has also failed to provide quarterly reports for of attorney fees that were due March 31, 2012 and June 30, 2012.

Plaintiffs' Response. Plaintiffs note that defendants allege that they served their discovery requests in January, but these requests were made on June 13, 2012, not in January. Plaintiffs concede that their responses were a little over a month late, but they were not seven months late as claimed by defendants. On July 27, counsel for plaintiffs notified defense counsel that he was having technical difficulties that were expected to be corrected by the following week.

Plaintiffs maintain that they made their initial disclosures on March 26, 2012. Plaintiffs do not intend to retain an expert, so no expert disclosures were made. With respect to the quarterly reports of attorney fees, counsel for plaintiffs was largely incapacitated from late December 2011 through mid-June 2012.  Additionally, the loss of counsel's computer files substantially hindered his ability to provide the fee reports.

Defendants' Reply. Defendants maintain that they did not receive plaintiffs' initial disclosures prior to receiving them as an attachment to plaintiffs' response to the motion to compel. Defendants argue that plaintiffs have improperly incorporated discovery responses submitted to co-defendant Muskingham County in their discovery responses to the City defendants. Counsel for the City defendants has never received

2

these items, and counsel for Muskingum County indicated that the proof of service did not state it was served on counsel for the City defendants.

<u>Discussion</u>.  Rule 37(a)(5)(A) provides in pertinent part:

If the motion is *granted--or if the disclosure or requested discovery is provided after the motion was filed*--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)(emphasis added).

Plaintiffs' counsel maintains that he provided his initial disclosures, although counsel for defendants states that he did not receive them in March. In his July 18, 2012 letter to plaintiffs' counsel, Mr. Baserman does not indicate that he did not receive plaintiff's initial disclosures that were due in March. As a result, plaintiffs' counsel did not have the opportunity to address this apparent error.

Counsel for plaintiffs has experienced health issues and technological problems with his computer files. Although plaintiffs' counsel communicated the reason for his delay in meeting his discovery obligations, he should have provided more information as to when he would be able to provide responses to defendants' discovery requests. Mr. Banks indicated that he believed he would have his discovery responses to

defendants during the week of July 30; however, this did not occur. It appears that defendants did not receive plaintiffs' responses until September 4, 2012. As a result, I conclude that defendants are entitled to an award of their attorney fees. Once plaintiffs' counsel was aware that he could not meet his discovery obligations in a timely manner, he should have requested additional time from defendants or filed a motion with the Court.

<u>Conclusion</u>. Defendants City of Zanesville, Zanesville Police Department, Tony Courty and Tom Porter's August 15, 2012 motion in limine (doc. 24) is DENIED and their motion to compel (doc. 25) is GRANTED. Plaintiffs are ORDERED to provide responses to defendants discovery requests that plaintiffs indicated were produced on May 9, 2012 to then-defendant Muskingum County within seven (7) days of the date of this Order. Plaintiffs are also ORDERED to provide defendants with a report of attorney fees incurred by plaintiffs through September 30, 2012 no later than October 7, 2012. Defendants are entitled to an AWARD of their attorney fees incurred in filing their motion to compel. The award shall be payable by plaintiffs' counsel since the plaintiffs themselves are not at fault for failing to timely provide discovery.

Defendants are ORDERED to provide plaintiff's counsel with an itemized statement of their costs and fees incurred in bringing their motion to compel and supporting memorandum within ten (10) days of the date of this Order. If plaintiff's counsel contests the reasonableness of attorney fees, he may file a brief in opposition

4

within seven (7) days of the date of service of defendants' statement and supporting memorandum.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/ Mark R. Abel<br>United States Magistrate Judge